Today's docket is the case of Billy J. Hill v. Meher Abou-Jabal and Auto World, Inc. And we have Mr. Alfred Sanders for the appellant and Ms. Eugenia Hunter for the appellee. And you may proceed, Mr. Sanders. Before I begin the oral arguments, there was a motion filed by Ms. Hunter yesterday to... Yes. And I'd like to know whether that's going to be granted or denied. It will be granted. Okay. And we've already determined that and I was going to speak to that and you will be given ten days to respond. Okay. I'll probably do it today. Well, you're better than you know we have a panel show for you tomorrow. I didn't need to and I didn't want nothing that Meher could put in. In addition, and I don't know if I need that, I don't think I want that ten days, but when I filed my brief, I listed three issues and obviously you can tell from my briefs, from my first brief, that as the problem is in this case, we didn't know what the cause of action was. Since this has been now said to be consumer fraud, I don't know if we can orally do this, but I would like to add the issue of whether Consumer Fraud Act or statutory claims can be tried in small claims court. And the reason that I did not bring that up because I did not even imagine that this was the possible cause of action in this case. So, I don't know. So your point is that it was raised in the brief? When I filed my original brief, we thought, we did not know, we still did not know what the cause of action was. So we listed four possibilities, none of which were statutory claims. When Ms. Hunter filed her brief, she then says the cause of action is consumer fraud. First time we knew it. So that was not listed, the possibility of whether you can try a consumer fraud case in a small claims court, was not specifically listed as one of my issues, but I would like to address that today. Today, you can orally address it, yes. Yes, that's what I'd like to do. Okay. So, this possibly is a case of first impression because most people don't appeal small claims cases. But none of us were ever able to find any cases dealing with whether or not small claims has to be limited to common law actions. Small claims rule, rule 281, defines small claims as actions in tort or contract. Now, we all know what a contract is, but believe it or not, I was having a real hard time coming up with a definitive definition of what is a tort. Certainly, common law fraud, all your common law claims can be torts, or most of your common law actions such as fraud, negligence, things like that. But do statutory claims qualify as torts? And there's really no definitive answer to that question. My position is they do not. At the Supreme Court, when they wrote rule 281, they contemplated only common law causes of action. And here's the reason. Rule 285 gives you a right to have a jury trial in small claims. Now, jury trials are permitted in common law actions. However, they are not permitted in statutory claims unless the statute specifically gives you the right to a jury trial. This was in the Anderson v. Classic case that I cited in my brief. So what happens if you trial a statutory claim in small claims court, such as consumer fraud, and the Supreme Court over here says there's no right to a jury trial, and over here it writes Rule 285 that says you can't have a jury trial? There seems to be a conflict between what they're saying on one hand and the rules they're writing on the other. So does simply file going to small claims get you around the general rule that you can't trial consumer fraud actions with a jury? I don't know. Never been done before. The other problem is, and the reason I think that this is what they meant when they said tort is common law, if you look at the committee notes to Rule 281, what you will find is there's been no substantive change in that definition since 1967. The only thing that's changed in the rule is the dollar amount. In 67 it was $200, now $10,000. I think it went from $200 to $1,000. $200 in 67. That's what it was, 67. So that was definitely small claims. But the committee notes note that that's the only changes to that definition since 1967 is the dollar amount. In 1961 we had an act called the Consumer Fraud Act, but that was simply limited to the Attorney General going after people for false advertising and the only remedy available was injunctive relief. There was no money damages available, there was no probable cause of action, and it was limited solely to false advertising. The Consumer Fraud and Deceptive Business Practice Act as we now know it was not passed until 1973, and that was Public Act number 78-904 passed in September the 24th, 1973. So when this definition in 281 was written, there was no such thing as a statutory tort. It simply didn't exist. So if you were going to try a tort action in small claims, it was obviously common law. So the question is, has this now been updated? Can you now trial? I don't think you can because now you've got Section 285 with the jury trial in complete contrast to what this court and the Supreme Court says you can't do consumer fraud actions with a jury. This court in Anderson said you can't do any statutory claims with a jury unless the statute says so. And the only statute that I know that allows for a jury trial is eminent domain. So it's my position that this case should never have been tried in small claims. It's something I brought up with the judge in the beginning. You look at the transcript. The first thing before we called any witnesses was I was asking what is the cause of action here and was questioning whether or not it was probable in small claims court depending on that cause of action. And he just decided, well, let's go ahead and try it. We'll figure out what the cause of action is later. I hope we don't open that door and start trying cases and figure out later what you're trying. But that seemed to be what he did. And that's why my initial brief, my first thought was it's got to be common law. So it's either fraud, rescission, conversion, or breach of contract. And it wasn't until Ms. Hunter filed her properties that they said, well, it's statutory consumer fraud. That's a happy way to try a case. But the only thing that made sense to me the day of trial was that they were trying for conversion because the complaint said they repoed my vehicle after it was paid for. Well, if it was paid for, it was his vehicle. We would have had no right to take it. Obviously, they took property that didn't belong to them. Conversion. That's the reason that I specifically asked the question of the plaintiff on the witness stand, did you demand return of your property? And he said no. Well, that's an absolute requirement under a conversion claim. So when I came out, as we're finishing up, we think we're okay because he hasn't met the required burden of proof. At that point, Judge Gray says they've met the burden and by preponderance of the evidence, and here's a judgment. Well, method burden of proof won't cut it. We still didn't know. When I brought this up at the beginning of the trial, Ms. Hunter could have spoken up and said, we're trying this and we're not going to have something to object to or know what we're going to be asking questions on. Nobody identified the cause of action in the pleadings. They didn't identify it when we brought it up at trial. The judge did not identify the cause of action in his judgment. And then on top of that, he never said who the judgment was against. They had sued Mr. Abu Jabal personally and sued the corporation. He never said the judgment was against this man personally or this corporation or both. I don't even know what a judgment is, who it's against. Now, there was a question there about the corporation not being in good standing. On page R11, page 10 of the action. If it's not in good standing, does it exist? Sorry? Does the corporation exist if it's not in good standing? It depends. You have five years to reinstate. So you can reinstate. If you reinstate, it means you're not there, right? That would be correct. But you beg the question, if there is no corporation, who do you go after? Mr. Abu Jabal testified that his father owned the company. His father was the president, but they didn't sue his father. They sued him. He would own the stock. Sorry? He would own all the shares of stock. The father. The father. Yes, sir. When you say he owned the company, that means he owned the stock that owned it. I'm speculating that none exist, but he's not still on the business. And they didn't sue the father. They just sued the son. The problem is when the judge, and the judge put in his notes, quote, not in good standing. Here's what this was based upon. Question by Ms. Hunter to my client. Would it surprise you to know that checking with the Office of Secretary of State last yesterday that the corporation is not in good standing? Answer. Which way was standing? Question. I don't know, but that's what the Secretary of State reports. Answer. Well, I'm not aware of this. We never received a letter from the state or anything regarding this. There was no evidence presented that this corporation was not in good standing. It was a question by the attorney. She wasn't under oath. She wasn't testifying. There was no documents presented from the Secretary of State showing this corporation was not in good standing. And the witness said, not aware of any such thing. Not aware there's a problem here. But somehow that turned into evidence that the corporation was not in good standing. I've never heard anything like that. When does a question by an attorney become evidence? But that's what he did. I have a question about the conversion, Mr. Sanders. This was reported both to the Attorney General and to the Sheriff. Is that correct? I don't recall if it was reported to the Sheriff or not. It wasn't reported to the Attorney General. My understanding is it was. And I'm wondering if that could be a basis for an implicit demand for return on a conversion theory. No, because in what he asked of the Attorney General, he didn't ask for his truck back. He wanted his money back. What about with the Sheriff? I'm not aware of any report to the Sheriff. Nothing was produced and given to me indicating that. But he was adamant on the witness stand. He said he didn't want the truck. He wanted money. So that's not proper under a conversion. Not to mention the judge granted him $500 for tools that was in the truck. And he admitted he never asked for the tools there, at least not from the defendant. So there was nothing under the rules. And when you say it about the Attorney General, you have to make the demand of the person in possession or the person that took your property. I'm just asking if that could be an implicit demand. I don't think so, because all the case law I've read on conversion says you have to make the demand of the person in control of the property. So that's to sustain the cause of action to begin with. Because I do know there's case law that says simply filing the case is a demand for the property. That demand has to be done before the case is filed. And that wasn't present here. The other problem is pleading. It's another reason that I did not dream that this was a claim for statutory fraud. The case, the kind of case that I cite in my brief, requires that you have the same kind of specificity in pleading consumer fraud that you have in pleading common law fraud. And it requires very specific things like dates, when, where, how. You can't just say, I think they defrauded me. In this case, what they filed was simply a document that said they took my vehicle after it was repossessed. There's nothing in the complaint that even suggests fraud, misrepresentation, or anything. So we had no remote idea that we were being come after for fraud. Because there's nothing in the complaint suggesting that. So I believe to proceed with that, a trial, I mean, basically what Judge Grace did was say, we're not sure what we're here on, let's just go ahead and have a trial and see if we can make something fit later. And that's not the way we run our courtrooms, even small claims. I do realize that Rule 286B allows us to have informal hearings in small claims. However, I don't believe it's that informal. And on top of that, 286B requires either the judge or one of the parties to make a motion to invoke those provisions. And that was never done. So we were following the regular lines of procedure for a trial. And yet, nobody could tell us what we were being sued for. And I didn't find out until we followed the plot brief. Again, the problem here with the question of who was sued is even bigger. Because I don't know the answer to whether my corporation is in good standing or not. I would think, I mean, I've had to deal with that many times on the witness stand. And I always get at least the printout from the Secretary of State that shows you're not in good standing. So I don't know whether it was, I don't know whether it wasn't. I know there was no evidence presented of it at the trial. But if it's in good standing, why would there be a judgment against Maher or Jabal personally? But the judge didn't say one way or the other. So I don't know how they enforced this judgment and who they enforced it against, because he never specifically said that. Now, if they go back, I will admit that consumer fraud only requires a preponderance of the evidence, which is what the judge said everything was proven of. The problem with both conversion and common law fraud is they require clear and convincing evidence, because they are intentional torts. So if you try to go back to conversion, the judge will use the wrong standard. If you try to go to common law fraud, it's the wrong standard. If you try to go to breach a contract, the only person that breached the contract was the plaintiff, because he admitted to signing the contract. The contract clearly said that he still owed $1,000. He admitted he never paid the $1,000. How do you say that the defendant is breaching the contract? So breach a contract works in our favor, not theirs. And if you go try to go to rescission, which that appears to be what they did, by lowering the money back rather than the truck, you still have to have a basis for that rescission. If the basis is fraud, then you're back to clear and convincing evidence of that fraud, which wasn't the standard the judge used. So I don't see using his standard, and the evidence that was presented, and the pleadings that were given, there's any cause of action here that is identifiable, that's proper for small claims court, to have been found here. Each direction you turn, there's a major problem. So that's why we're asking this court, I mean, even if the worst case scenario, send it back for another trial, or Mason makes them come up with pleadings or whatever, but I believe based on what's already been tried, there is no justification for a judgment here at all. So that's why we're asking you to overturn Judge Grayson, take whatever remedy you think is proper here. Thank you. Thank you, Mr. Sanders. You'll have the opportunity for rebuttal. Ms. Hunter. May it please the court, I'm Eugenia Hunter, and I represent the defendant, pardon me, the plaintiff, Appellee Billy Hill. When the defendant, appellant, complains that he didn't know what the trial was about, why this case was in small claims court, I point to the record and the fact that he didn't ask that question until the morning we got to court for trial. He complains in one of his briefs that you can't file a motion in small claims court, without filing a motion to get permission to do so. Attorneys do that all the time. I've done it many times. He could have challenged, he could have asked for a bill of particulars. He could have gotten information through discovery. He could have deposed my client. He complains that my client... Ms. Hunter, isn't leave of court also required to get discovery? Yes, it is, Your Honor. All of those things are required in small claims court to do discovery. But he could have done that. He did nothing until the morning we got to the courtroom and asked to know what the cause of action was. When the judge denied it, he simply acquiesced in the denial. He didn't move for a continuance. The judge said he could object after the evidence started. He did not do that.  So he could have learned earlier on what the cause of action was and he could have asked that it had been moved to a proper division of the court if it was improper in small claims. Although I contend it is not improper in small claims. As we all know, a tort is a way that an injured person gets a remedy. The Supreme Court rules don't say anything about common law torts. They just talk about torts and contracts. And in 285, Supreme Court Rule 285, which gives the right of a jury trial, it says the default position is that a small claims case shall be tried by the court. Yes, I think there may be an instance where somebody, and maybe it was the Anderson case that is cited in the appellant's brief, that shows a conflict between those, shows a conflict between the right to a jury trial and a specific cause of action. But I don't think that should be the bright line between what cases should be tried in small claims court. We see all sorts of cases tried in small claims court that are statutory. For instance, the case I asked Lief to file yesterday was in fact a small claims case. It was based on the Automotive Protection Act and the Consumer Fraud Act. That case was tried in a small claims court. It was ruled on in a small claims court. Nobody ever raised an objection to it. And it's interesting that the plaintiff got both equitable release, the return of his truck, damages and attorney's fees. Judge Moore, you asked the question about a demand. And I would also reference you to the record, page 24, where it states that my client made a demand on the agent, the repo, the agent of the appellant, the repo people. He was denied. It was an oral request. However, the case that I cited in my brief, Landfield Finance Company v. Feinerman, deals with conversion and an oral demand. But the most important issue in this case, I believe, is the demand for the tools. Pardon? Did he say anything about the tools? He demanded the tools, yes. And he was denied because I think the record reflects that he asked, he was asked for money to get his tools back, which he didn't have any. My client was insolvent, so to speak, at the time he filed this. He filed it pro se and with a waiver of attorney's fees. He didn't have money or knowledge about how to go about seeking redress for what he felt was a great injustice other than to proceed this way. He has been since July of last year without his truck and without his money. Being without his truck means he cannot work at his usual occupation. I think the importance of this case is consumer protection. We have two enactments. One, the Supreme Court rules that say this is supposed to be a quick, inexpensive, simplified procedure and to use small claims to right our wrongs. On the other hand, we have the Consumer Fraud Act, whose stated purpose is to protect the public against many types of deceptive acts. It is to be liberally construed, and it is a legislative mandate to use the act to eradicate all forms of deception and unfair business practices and to grant relief, whatever relief is appropriate. The act is so liberal that it not only provides for attorney's fees, it provides for punitive damages. In my opinion, the two mechanisms, the Small Claims Court and the Consumer Fraud Act, are a perfect fit to implement the public policy for the protection of consumers. It was a perfect fit in this case, as it turned out. It gave an opportunity to be heard to an uneducated person who was without means to proceed any other way. As I stated earlier, the defendant appellant did nothing until the day of trial to try and clarify the pro se petition, and there are mechanisms for doing that. I do not believe it is appropriate to use the right to a jury trial that is not allowed in a consumer fraud case as the argument for not allowing one of a consumer fraud case. I should rephrase that. The right of a jury trial in a small claims case to be used as the bright line for determining what cases can be tried in small claims court. Our Supreme Court has not chosen to make any further delineations about what kind of cases can be tried in small claims court, except to say contractor tort or tax cases. And tax cases, by the way, are statutory. The Supreme Court rules concerning small claims say nothing about common law doesn't make that delineation. Under the Illinois Constitution, we know that the circuit courts are courts of general jurisdiction, and that the divisions of court are made for administrative convenience. And transfers do occur when it's usually because the case exceeds the amount based on discovery or whatever, and it moves to the law division of the court. While we agree that in law division cases, consumer fraud actions require specificity in pleading, we feel that that is in conflict with the small claims rule that generalizes and specifically states what is required in the pleading. It also allows, with leave of court, ways of getting more information. We believe that in cases involving the Consumer Fraud Act, that the small claims rule should apply, given the fact that there are mechanisms for finding further information. This is the plain meaning of the rule. It's the plain meaning of the small claims statute. The facts in this case are very egregious as it concerns my client. He went to buy a truck so he could work after his truck burned in the fire. He thought he was doing that. His friends who testified on his behalf thought he was doing that. Somehow the deal and talk gets carried on until they find out that all of a sudden they're buying a truck, pardon me, they're buying a Cadillac and $1,000 is supposedly of his money is being applied to their Cadillac. Yes, it was. And at one point I would like to draw attention to in the record when the defendant was testifying that at page 62, pardon me, he testified that he told the Badgins, my client's friends that were with him, that he did financing in-house and that I can help you out. Now this was actually the defendant's own testimony. It's not what my client said his testimony was. Also if you look at the exhibits in this case, plaintiff's exhibit number one, which is my client's invoice concerning the purchase of his truck, and defendant's exhibit number three, which is the Badgins' purchase of the Cadillac, the financing information on my client's purchase of the truck has been crossed out. There's financing terms and there's crossed out. We don't know whether this cross out happened before or after these provisions were put in there. My client said he never knew about this financing, that he thought he paid for the truck in full. He does testify and the defendant also testifies that he wrote everything on both agreements but the signature. That's at record 65. The plaintiff testified he signed his agreement and handed it back to the defendant who then wrote on it and that's in R16. So whether or not this was crossed out as is another section about the odometer on both contracts down in the left hand corner, whether or not the crossing out of the financial terms was done before or after those financial terms were put in there, we don't know. My client testified and his witnesses concurred that when he left that lot, he thought his truck was paid for. He had enough money in his bank account that if he had known his truck was not paid for, he could have gone and got the extra thousand dollars. It is for these reasons that we are asking this court to affirm the decision of the trial court and to reaffirm the fact that consumers have the right to use the Consumer Fraud Act if necessary to uphold the legislative intent that consumers be protected. Thank you. Do you have a further answer to Judge Moore, one of his questions about him making a demand for these tools? He said he demanded from the repo people. They were not in a position to give him his tools. When asked directly whether he ever made a demand on Mr. Abuja Ball or on the company, his answer was no. Who employed the repossession person? So this was a person sent out by the defendant? Correct. I understand it could be a question of the agent, but the agent is not going to be able to give him anything back without conferring with the principal that the actual demand needs to be made on the principal. He said flat out he never demanded those tools or the truck back from the company or Mr. Jabal. He never made the demand for the truck from anybody. Attorney General, the repo people, or anybody. And in fact, the judge wrote in his notes. I've never seen him include the judge's notes with the record, but it's there. On SEC E5, the judge even noted no demand to return a property. So the judge understood that part of it. To refer to that Bell case that we're talking about, if you're going to allow that in, that she just talked about, the Bell case, yes, they tried a consumer fraud case in small claims. The difference is they knew it was consumer fraud before they started the trial, and nobody objected to it. So if I wanted you to do it without objection, that's a possibility. My problem was, had we known it was consumer fraud, we would have objected at that time. And we did not know that. The only obvious cause of action based on what was pled was conversion. Now, why did we wait that long? If you look at the record, Ms. Hunter only entered her appearance in the case two or three days before the trial. She and I had some discussions, and she told me that her client said my client lied to her. First time we heard about that. It was just a day or two before trial. So that's why I wanted to make sure, whether it was a court-of-court, I made sure there was one. When I found that out and realized we had no idea what we were being sued for, I asked Judge Grace to address this problem right then, and I asked for a court-of-court to make sure we had a good record of what was going to happen here. She also talks about that a bench trial is the default under 281, or 285, I think. Yes, 285. Bench trials are the default in everything. You have to specifically ask for a jury trial to get one. So it doesn't matter whether we're talking about an LM case, whether we're talking about fraud, whether we're talking about anything, you have to ask for a jury to get it or you get a bench trial. So there's nothing unusual about that. What's unusual here is that it specifically says if you pay $12.50 and ask for a jury trial, you get one. And that is not proper with consumer fraud. It's wholly inconsistent with the Supreme Court rulings. The last thing is she talks about her, you know, this plaintiff was put up like he's ignorant, half-blind, which the problem with him being blind was kind of curious. It's like if you're blind, why are you driving a truck? But said he couldn't see, he couldn't read, he was pretty much illiterate. Part of the exhibits is the complaint he drafted to the Attorney General's office. Take a look at it, because I guarantee you his handwriting is a lot better than mine is. He drafted a very, very detailed and nicely written out complaint to the Attorney General, but when it came time to read his contract, oh, I can't read it. It was some of the most bizarre testimony I ever heard. He had no problem interpreting his bank statement when he was questioned about it. So he said, yes, I signed that contract, but I didn't pay any attention to that. We didn't come here to attack the actual testimony today, but since you brought it up, you might want to read it. It's, I thought, was apparently unbelievable to that trial. So, again, we ask that you don't overturn this decision. Thank you. Thank you, Mr. Sanders. Thank you both for your briefs and arguments, and we'll take the matter under advice for a vendor ruling in due course.